(No. 2472—

ORCHARD THEATRE CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1940.*

JOHN L. SMITH, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant alleges that on or about May 21, 1934 it paid to the Secretary of the State of Illinois the sum of $10.00 in payment of Franchise Tax for the period beginning July 1, 1934. It also alleges that it was duly incorporated under the laws of the State of Illinois; and that on June 27, 1934 the Secretary of State issued a certificate of voluntary dissolution of this corporation. It is also charged that all taxes legally levied against it have been fully paid and claims the sum of $10.00 paid to the Secretary of State for its Franchise Tax which is payable in advance and was not due until July 1, 1934. Payment was made on May 21, 1934 and on June 27 following, it voluntarily surrendered its charter and the Secretary of State issued a voluntary dissolution certificate. In a former opinion we held with the claimant and thereafter granted the State of Illinois petition for rehearing. We find we are in error in the former opinion. The claim is predicated on the theory that where a person natural or artificial, pays a license fee, franchise or privilege tax during the time payable but before the period during which such license runs and thereafter and prior to the actual license period shall change its mind and decides not to avail itself of the privilege or right granted, that a refund is legally due such person. We have been unable to find any statute authorizing such payment and none is cited by claimant and neither is any authority cited by claimant. We have heretofore frequently

held that taxes voluntarily paid cannot be recovered back unless there is a statute providing for such recovery. For this reason claim will be denied.